UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ASHER HILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:21-cv-00200-JPH-DLP |
| | ) |
| SAMUEL J. BYRD, | ) |
| KIM HOBSON, | ) |
| RICHARD BROWN, | ) |
| I. RANDOLPH, | ) |
| | ) |
| Defendants. | ) |

**ENTRY DISMISSING ACTION, WARNING PLAINTIFF OF FUTURE SANCTIONS, AND DIRECTING ENTRY OF FINAL JUDGMENT**

In the Entry of May 20, 2021, the Court questioned the veracity of a statement filed in support of Plaintiff Hill's motion to proceed *in forma pauperis*. Dkt. 5. Specifically, Mr. Hill submitted a Certified Counselor's Statement of Inmate Trust Fund Account form purportedly filled out and signed by Carl Smith, counselor, dated April 30, 2021. *Id.* at 1-2. The Statement indicated that Mr. Hill has had no deposits and a zero balance the last six months. *Id.* at 2. The Court reminded Mr. Hill that he had filed two similar statements in support of his motions to proceed in forma pauperis on appeal in *Hill v. Brown, et al.*, 2:20-cv-094-JRS-DLP, dated April 14, 2020, and August 1, 2020, respectively. *Id.*

The Court explained that upon closer examination of the "Carl Smith" form, the Court noticed that the signature was misspelled "Snith" rather than "Smith." *Id.* A clerk of the Court contacted Wabash Valley Correctional Facility

1

and was informed that there is no counselor or case worker there by the name of "Carl Smith." *Id.*

The Court ordered Mr. Hill to provide a Certified Trust Fund Account Statement for the six-month period preceding the filing of this action. *Id.* at 2-3. The Court further ordered Mr. Hill to show cause why this action should not be dismissed with prejudice as a sanction for deliberately misrepresenting his allegation of poverty and submitting a form purportedly signed by "Carl Smith," who is not actually a counselor at Wabash Valley. *Id.* at 3. He was directed to provide a phone number for Carl Smith at the facility if he insisted that this person is, in fact, his counselor. *Id.*

In response to the show cause order, Mr. Hill said nothing to refute the circumstances recited by the Court. Instead, he filed a motion to voluntarily dismiss this lawsuit without prejudice. The record supports the inference that Mr. Hill misrepresented his financial status and filed false documents.

"District courts possess certain inherent powers, not conferred by rule or statute, to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. That authority includes the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Fuery v. City of Chicago*, 900 F.3d 450, 452 (7th Cir. 2018) (internal quotation omitted). "It is beyond question that a court may dismiss a case with prejudice as a sanction in an appropriate case." *Hughes v. Anderson*, 829 F. App'x 724, 726 (7th Cir. 2020) (internal quotation omitted). Mr. Hill is a frequent litigator in this Court. His attempt to mislead and deceive the Court using forged documents warrants a

proportionate sanction. "[T]he judicial system cannot tolerate deception from litigants." *Neal v. LaRiva*, 765 F.3d 788, 790 (7th Cir. 2014) (after plaintiff repeatedly filed fabricated documents, Seventh Circuit affirmed and imposed sanctions of dismissal with prejudice, monetary fines, and restrictions from filing any papers). Here, it is appropriate to impose a sanction of dismissal of this action with prejudice.

In addition, to render this sanction effective, Mr. Hill may not refile the claims he asserts in this action, that Dr. Samuel Byrd, Kim Hobson, Richard Brown, and I. Randolph have been deliberately indifferent to his hemorrhoid condition. The Court has considered imposing monetary fines and a restriction on future filings in accordance with *Support Sys. Int'l, Inc. v Mack,* 45 F.3d 185, 186 (7th Cir. 1995), but at this time, only a warning is being issued. If Mr. Hill files any other fabricated or forged document in any case in this District, or if he otherwise misrepresents his financial circumstances or abuses the judicial system, he will be subject to monetary fines and a restriction on his ability to file, directly or indirectly, any papers in any case in this District, without further notice.

Mr. Hill's motion to voluntarily dismiss this action without prejudice, dkt. [6], is **DENIED.** The action is **dismissed with prejudice** as a sanction for his attempt to defraud the Court. Judgment consistent with this Entry shall now issue.

**SO ORDERED.**

Date: 7/16/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ASHER HILL
922526
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838